UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-CR-43-HAB |
| | ) | |
| FREDERICK MOORE | ) | |

**OPINION AND ORDER**

Frederick Moore filed a letter with the Court requesting immediate release and/or sentence modification due to the COVID-19 pandemic. (ECF No. 167). The request was forwarded to the Federal Community Defender who has declined to represent Defendant. (ECF No. 170). The Government has filed its response in opposition to Defendant's request (ECF No. 172), and Defendant has filed his reply (ECF No. 176). This matter is now ripe for adjudication.

**A.     Defendant's Crimes**

Defendant was charged in a two-count indictment alleging Conspiracy to Distribute and Possess with Intent to Distribute 1 kg or More of Heroin and 500 g or More of Cocaine and Maintaining a Dwelling for the Purpose of Distributing a Controlled Substance. The indictment arose out of an extensive investigation into a multi-state drug distribution network. The investigation showed that Defendant was receiving kilogram quantities of cocaine and heroin at his home and then distributing the drugs throughout northeast Indiana and Michigan. The PSIR noted the amount of drugs involved in the conspiracy to be between 3,000 and 10,000 kg converted drug weight.

Defendant pled guilty to the Conspiracy count in exchange for the dismissal of the Maintaining a Dwelling count. On October 24, 2019, Defendant was sentenced to a term of 78 months' imprisonment in the BOP with five years of supervised release to follow. Defendant is

currently serving that sentence at Morgantown FCI in Morgantown, West Virginia. His anticipated release date is February 22, 2022.

**B.     Legal Analysis**

Defendant's filings request a sentencing modification. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which permits the court to reduce a sentence based on a retroactively applicable amendment to the sentencing guidelines that lowers the defendant's guideline range. 18 U.S.C. § 3582(c)(2). Another allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant seeks compassionate release pursuant to § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

(i) extraordinary and compelling reasons warrant such a reduction …

… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motions, he must first demonstrate that he meets the statutory exhaustion requirement to proceed further. The Government concedes that Defendant requested release from his warden, that the request was

denied, and that more than thirty days have elapsed since the denial. Therefore, the Court finds that administrative remedies have been exhausted in this case.

The thrust of Defendant's motion is that his numerous health conditions put him at increased risk for serious complications from COVID-19, although his reply narrowed the focus to Defendant's obesity. The Court has been provided with Defendant's medical records, both by Defendant and the Government, and has reviewed those records.

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020).

In this case, Defendant's filings give this Court very few reasons, let alone extraordinary or compelling ones, to justify granting the Motion. It is true that Defendant is obese. The CDC is clear that a body mass index of 30 or above increases your risk of severe illness from COVID-19. *See* Center for Disease Control, *Coronavirus Disease 2019, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. And, weighing in at 250 pounds on his 6'0" frame, Defendant exceeds that number. However, there is no suggestion in the medical records that Defendant's obesity is the result of some underlying medical condition. Instead, it appears to be the result of bad habits and lifestyle choices; Defendant admits as much. The Court struggles to believe that an individual should obtain the extraordinary relief of compassionate release simply because they have failed to take care of themselves.

As for Defendant's confinement, Morgantown FCI has administered 50 tests and has no positive cases of COVID-19 as of the date of this order. *See* https://www.bop.gov/coronavirus/. However, even if the number was much higher, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *See Melgarejo*, 2020 WL 2395982, at *3. Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6. *See also United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

The Bureau of Prisons continues to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp. Morgantown FCI's zero positive tests speak to the efficacy of the BOP's protocols.

Finally, with respect to the §3553(a) factors, the Court observes that Defendant received a significant sentence. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. Here, Defendant was a major drug distributor, part of an operation that flooded parts of two states with thousands of kilograms of converted drug weight. The Court cannot conclude that the § 3553(a) factors warrant any reduction in Defendant's sentence.

In sum, because this Court does not find extraordinary and compelling circumstances exist for Defendant's release and a reduction of sentence is inconsistent with the § 3553(a) factors,

Defendant does not meet the criteria for compassionate release and his request for compassionate release (ECF No. 167) is DENIED.

SO ORDERED on September 3, 2020.

 s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT