UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-CR-43-HAB |
| | ) | |
| FREDERICK MOORE | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant's letter (ECF No. 179) requesting that the Court reconsider its denial of his previous motion for compassionate release. The Court finds no reason to reconsider its prior ruling, but there is no reason for the Court to go that far. Defendant has failed to exhaust all administrative remedies, and the Government has called him on that failure. Accordingly, his request for compassionate release must be dismissed.

Provided with Defendant's reply (ECF No. 188) is a form titled Inmate Request to Staff Member Response. (*Id*. at 2). This form is the warden's response to Defendant's request for compassionate release. The form indicates that Defendant made his request for release on December 2, 2020, and the warden's response is dated December 8, 2020. After reviewing Defendant's request and the relevant policy guidance, the warden declines to release Defendant under 18 U.S.C. § 3582(c)(1)(A). At the end of the response, the warden advises Defendant as follows:

> If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

(ECF No. 188 at 2). There is no indication that Defendant took any further steps down the administrative path. Instead, he filed the instant letter with the Court on December 30, 2020.

For most of the life of the COVID-related compassionate release phenomenon, there was considerable confusion as to whether exhaustion of remedies was jurisdictional, a claims-processing rule, or wholly unnecessary. That confusion was resolved, at least in this circuit, by the Seventh Circuit's decision in *U.S. v. Sanford*, __ F.3d __ (7th Cir. Jan. 25, 2021). There, the Court answered affirmatively the question of "whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *Id*. at *6 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 183 at 5–9), a defendant must demonstrate that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A).

Here, the warden timely responded to Defendant's request for release with a denial. The warden laid out the appeal process for Defendant. On the record before the Court, there is no evidence that Defendant pursued an administrative appeal; the short time frame between the denial and Defendant's correspondence with this Court indicate that Defendant could not have exhausted his administrative remedies prior to requesting relief from the Court. Defendant has not complied with the requirements of § 3582, and his request for compassionate release (ECF No. 179) is DISMISSED.

SO ORDERED on February 3, 2021.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT